**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

Bruce Chapman and Handle With Care,

                                    Plaintiff,

          v.                                                              Case No. 1:04-CV-0867
                                                                                      (DNH/RFT)

New York State Division for Youth; New York State
Department of Social Services; New York State Office
of Children & Family  Services; John Johnson, Commissioner
of New York State Office of Children and Family Services and
former Commissioner of the New York State Division for Youth,
in his official and individual capacity; Margaret Davis, former
Director of Training for the New York State Division of Youth,
and former Director of Training for New York State Office of
Children and Family Services, in her official and individual capacity;
Patsy Murray, former Associate Training Technician for the New
York State Division for Youth, and current position as Trainer for
New York State Office of Children and Family Services, in her
official and individual capacity; Cornell University; Jeffrey Lehman,
President of Cornell University, in his official and individual capacity;
Hunter Rawlings III, former President of Cornell University, in his
official and individual capacity; New York State College of Human
Ecology; Family Life Development Center; Residential Child Care
Project; Therapeutic Crisis Intervention; Martha Holden, Project
Director of the Residential Child Care Project and Therapeutic
Crisis Intervention Trainer and Coordinator, in her official and
individual capacity; Michael Nunno, Project Director of the
Residential Child Care Project and Therapeutic Crisis Intervention
Trainer and Coordinator, in his official and individual capacity;
Hillside Children's Center, Dennis Richardson, President and CEO
of Hillside Children's Center, in his official and individual capacity;
Douglas Bidleman, Employee of Hillside Children's Center and
Therapeutic Crisis Intervention Trainer, in his official and
individual capacity; John Doe 1 through 99,
                                    Defendants.

_____

**APPEARANCES:**                                    **OF COUNSEL:**

BRENDAN KENNEDY, ESQ.
Attorney for the Plaintiffs
184 Mckinstry Road
Gardiner, New York 12525

OFFICE OF UNIVERSITY COUNSEL           NELSON ROTH, ESQ.
CORNELL UNIVERSITY
Attorney for Cornell Defendants
300 CCC Building, Garden Avenue
Ithaca, New York 12853

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**


**<u>ORDER</u>**

Plaintiffs move this Court for an order, pursuant to FED. R. CIV. P. 4(d)(5), requiring

Defendants Martha Holden, Jeffrey Lehman, Michael Nunno and Hunter Rawlings, III (hereinafter

Cornell Individual Defendants) to pay the cost incurred by Plaintiffs to effect service upon them and

attorney fees for initiating this Motion.  Dkt. No. 86, Aff. of Hilary Adler, Esq., dated Feb.14, 2005

(Adler I); Exhibits A-M; Mem. of Law; *see also* Dkt. No. 92, Reply Aff. of Hilary Adler, Esq.,

dated March 7, 2005 (Adler II), & Reply Mem. of Law.  The Cornell Individual Defendants oppose

such an application.  Dkt. No. 87, Aff. of Nelson Roth, Esq., dated Feb. 23, 2005 & Mem. of Law.

For the reasons stated below, the Plaintiffs' Motion is **denied**.

**I.  BACKGROUND**[1]

---

[1]  The Court will dispense with any appreciable recitation of the facts of this litigation as set forth in the
Complaint since they are not particularly relevant to this procedural dispute.  To the extent the substantive facts become
vital in order to explain the matter before the Court, they will be mentioned.  As mentioned above, not all of the named
parties are involved in this procedural quarrel; only the Plaintiffs and the Cornell Individual Defendants are immersed in
this imbroglio.

On July 22, 2004, Plaintiffs filed a twenty-one page Complaint, with ten causes of action stated therein, against state agencies, state officials, not-for-profit organizations, and individuals. Dkt. No. 1, Compl.  On the same day, the Clerk of the Court issued summonses for all of the named Defendants.  As to the Cornell Individual Defendants, each were sued in their individual and "professional" capacities.  Adler I at ¶ 4; *see also* Compl.  On August 6, 2004, Plaintiffs served each Cornell Individual Defendant by mail with two sets of, *inter alia*, (1) the Notice of Lawsuit and a Request of Waiver of Service, (2) Waiver of Service of Summons and Duty to Avoid Unnecessary Costs of Service of Summons; and (3) copy of the Complaint.  Adler I at ¶ 5.  From the Plaintiffs' perspective, "one set was served on each defendant individually . . . [and] the second set was served on each defendant as an employee [of Cornell University].[2]  *Id.*  In the Plaintiffs' view, two sets were necessary because of the Individual Defendants' dual capacities.  *See* Adler II at ¶ 10; Ex. A. On or about September 2, 2004, Attorney Roth executed one waiver of service of summons on behalf of each of the Cornell Individual Defendants.  Roth at ¶ 2; Dkt. No. 86, Ex. A (letter and executed waiver) ("I am returning to you herewith, on behalf of the defendants [] Lehman, [] Rawlings, [] Holden, [and] [] Nunno . . . an executed waiver of service of summons . . . .).[3]  Shortly thereafter, based upon the fact that Attorney Roth executed only one set of the waivers of service sent to each Cornell Individual Defendant, rather than two, the parties exchanged a flurry of correspondence.

---

[2]  Pursuant to the Complaint, Jeffrey Lehman is the President of Cornell (¶ 12), Hunter Rawling, III was the former President of Cornell (¶ 13), and Martha Holden and Michael Nuuno are Project Directors of the Residential Child Care Project and Therapeutic Crisis Intervention Trainers and Coordinators (¶¶ 18 & 19).  Dkt. No. 1, Compl.

[3]  The executed "Form IB: Waiver of Service of Summons," states, *inter alia*, that the waiver is on behalf of defendants Lehman, Rawlings, Holden, Nunno ,and the other Cornell Defendants, and that Attorney Nelson Roth also represents all of these same Defendants.  *See* Dkt. No. 86, Ex. A, Waiver Form.

By a letter dated September 8, 2004, Attorney Adler states that all of the Defendants are being sued in their personal and professional capacity and wanted confirmation from Roth that the waiver applied to "each defendant in each capacity." Dkt. No. 86, Ex. B. Roth responded with his letter, dated September 9, 2004, first inquiring why the Plaintiffs named the Cornell Individual Defendants in both their official and individual capacities, and yet reiterating that the waiver applied to "each of the individually named Cornell Defendants." Dkt. No. 86, Ex. C. Notwithstanding his reiteration, Roth asked for further clarification or justification why the individual Defendants had to execute two waivers. *Id.* ("If you provide some legal justification . . . I would be willing to consider your request to do."). Replying immediately, though with some protest, Adler relented somewhat to Roth's inquiry with a truncated and repetitive legal commentary that these Defendants were named in both their individual and professional capacities "because we did not want anyone proceeding on the misperception that this case was being pursued against them only in their professional capacity . . . [and] it is not unreasonable for us to request a separate waiver for each capacity in which the defendant is being sued." Dkt. No. 86, Ex. D, Adler's Lt., dated Sept. 10, 2004. On the same day, Roth, in turn, challenged Adler's legal justification with a legal analysis of his own:

> Your demand far exceeds the provisions of Rule 4 of the Federal Rules of Civil Procedures. Rule 4(d) permits you to request that an individual named as a defendant waive service of a summons. The individually named Cornell defendants . . . have duly waived service of the summons. Rule 4(d) requires nothing more. More specifically, I have found nothing in the Federal Rules of Civil Procedure that requires either my clients or me to "enter an appearance" or to "stipulate" acknowledgment of " proper service." To the contrary, a waiver under Rule 4(d) dispenses with service.

Dkt. No. 86, Ex. E, Roth's Lt., dated Sept. 10, 2004 (quotations included within the original).

Four days later, on September 14th, Adler advised Roth that if they did not acknowledge proper service upon them in their individual capacity, the Plaintiff would have no choice but to

engage a process server to personally serve the Defendants.  Dkt. No. 86, Ex. F.  However, on this same day, Adler filed with the Clerk of the Court the executed waiver of service.  Dkt. Nos. 36 & 92, Roth at ¶ 3 & Ex. 1 (Docket Report).  Presumably due to the expedient benefit of facsimile, Roth wrote a letter, dated the very same day, in essence terminating the dialogue between the two attorneys on this issue with his terse and direct retort that "[t]he waivers you have for each of the Cornell defendants should suffice under Rule 4(d) and I do not intend to respond further to your letters on this point."  Dkt. No. 86, Ex. G, Roth's Lt., dated Sept. 14, 2004; Dkt. No. 92, Roth at ¶¶ 4-6, & Ex. 2.  Plaintiffs engaged a process server and the Cornell Individual Defendants were personally served.  Dkt. No. 86, Exs. H-L (affidavits of service).[4]

On October 1, 2004, Plaintiffs requested leave of court to file a motion for cost of the service, which was denied as being premature.  Dkt. No. 46, Adler's Lt., dated Oct. 1, 2004; Dkt. No. 49, Order, dated Oct. 4, 2004 (denying the request).  On October 5, 2004, all of the Cornell Defendants, including all of the Cornell Individual Defendants, served and filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) and 17(a) & (b).  Dkt. No. 51; Dkt. No. 92, Roth at ¶ 8.[5]  None of the Cornell Individual Defendants raised a lack of failure to serve or lack of jurisdiction.  Roth at ¶ 8.  Plaintiffs renewed their request for leave to file a motion to recover the cost of personal service and attorney fees, which was granted on January 14, 2005.  *See* Dkt. Nos. 74 & 75 (text order).

---

[4]  The affidavits of service for Defendants Lehman, Nunno, Holden were filed on October 1, 2004.  Dkt. Nos. 46-48.  Defendant Rawlings was not served until October 13, 2004, and his affidavit of service was filed on October 21, 2004.  Dkt. No. 54.

[5]  Although Defendant Rawlings was not served until October 13, 2004 (note 4, *supra*), he joined the Motion to Dismiss.  Roth at ¶ 8.

As a part of this Motion pursuant to FED. R. CIV. P. 4(d), the Plaintiffs seek to recover $112 for the actual service of process and $9,347.50 as reasonable attorney fees for bringing this Motion. Dkt. No. 86, Ex. M (table of attorney fees and expenses).

## II. DISCUSSION

In 1993, Congress amended the Federal Rules of Civil Procedure adding a revised Rule 4(d) which provides a reasonable alternative and exception to the costly method of service of process. 1 JAMES WM MOORE, ET AL., MOORE'S FEDERAL PRACTICE, § 4.10[1][a] (3d. ed. 2004); FED. R. CIV. P. 4 Advisory Committee's Notes 1993 Amendment) ("The aims of the provision are to eliminate the cost of service of a summons on many parties and to foster cooperation among adversaries and counsel."). The salient provision of Rule 4(d) reads, in part, as follows:

> **(1)** A defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.
>
> **(2)** An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons.

FED. R. CIV. P. 4(d)(1)&(2).

A plaintiff who wishes to exercise this waiver option must serve appropriate notice upon the defendant that a lawsuit has been commenced against them and further request such defendant to waive service of process for the very purpose of controlling costs and minimizing the often arduous and inconvenient task of effectuating personal service. If the plaintiff complies with all of the notice requirements set forth in Rule 4(d), which includes attaching a copy of the complaint, then the defendant is compelled to execute the waiver of service or be confronted with bearing the cost of the personal service upon him. FED. R. CIV. P. 4(d)(2)(A)-(G). Once a waiver has been returned to the

plaintiff who has filed it with the Clerk of the Court, the litigation is permitted to proceed as if a summons and complaint had been served upon the defendant. *Id.* at (4)(d)(4). Furthermore, the defendant who waives service is granted sixty days to serve and file an answer or a motion to dismiss. *Id.* at 4(d)(3). A waiver of service of process, however, does not constitute a waiver of the defendant's objection to venue or the court's jurisdiction over the defendant. *Id.* at 4(d)(1); Advisory Committee's Notes 1993 Amendment. The defendant "merely waives the right to be formally served" with a summons and complaint. 1 MOORE'S FEDERAL PRACTICE at § 4.11; FED. R. CIV. P. 4(d)(2). Failure to waive the service of process shifts the cost of the actual personal service upon the noncompliant defendant and further permits the imposition of other costs such as reasonable attorney fees. FED. R. CIV. P. 4(d)(2) & (5); *Morales v. SI Diamond Technology, Inc.*, 1999 WL 144469, at *1 & 3 (S.D.N.Y. Mar. 17, 1999) (attorney fees may be imposed only for the attorney's effort in making a motion to collect the costs of service). The court may impose these costs when an appropriately requested defendant fails to comply with a request to waive, unless the defendant can show good cause for the failure. *Knight-McConnell v. Cummins*, 2004 WL 1713824, at *4 (S.D.N.Y. July 29, 2004) (citing Advisory Committee's Notes 1993 Amendment for the propositions that a reasonably cooperative defendant may avoid such cost and that this rule is a "useful" measure against furtive defendants). In the event that personal service is required, the plaintiff cannot seek these costs until after the time to return the waiver has lapsed, which is at least thirty (30) days from the date that the request is sent. *Id.* at 4(d)(2)(F); 1 MOORE'S FEDERAL PRACTICE at § 4.13[3].

A request for waiver of service may only be sent to those discrete defendants who are subject to service under Rule 4(e), (f), and (h). FED. R. CIV. P. 4(d)(2); Rule 4 Advisory Committee's Notes

1993 Amendment.  Listed *seriatim*, those discrete defendants are "individuals," "corporations," and "association."  1 MOORE'S FEDERAL PRACTICE at § 4.12[1].  For public policy reasons, neither governmental agencies nor their employees or officials are obligated to comply with a request for waiver nor will they be confronted with bearing the costs of the service of process.  Rule 4 Advisory Committee's Notes 1993 Amendment.  Service upon governmental agencies and their employees is governed by Rule 4(j).   In this respect, a state official sued in an "official" capacity is not subjugated to this waiver of service mandate.

The Court agrees with Cornell Individual Defendants that they were not obligated to complete two waivers even though the Plaintiffs pled within their Complaint that they were being sued both individually and in their "professional capacity."[6]  *See* Compl. at ¶ 95.  For the purpose of serving a summons or waiving such service of summons, the distinction between individual and professional capacity is meaningless, and we concur with the Defendants that their attorneys' execution of one waiver of the summons on their behalf suffice under Rule 4(d).

Under this provision of law, a defendant is acknowledging that formal service upon him or her is unnecessary.  Once the defendant has signed a waiver form, he or she has pronounced to the plaintiff that he or she does not have to bear the expense nor go through the exercise of having a process server serve a summons and complaint upon that particularized defendant.  In essence, the waiver of summons is **in lieu** of an actual service of a summons and complaint.  Nothing more, nothing less.  In this respect, Cornell Individual Defendants have made it clear, on more than one

---

[6]  We have noticed that the Plaintiffs have used individual and personal capacity interchangeable.  We also note that in some instances, litigators use professional capacity to mean official capacity.  In light of the fact that the Plaintiffs assert that Cornell University Department of Human Ecology may be a state actor, we presume that Plaintiff, when referring to the Cornell Individual Defendants in their professional capacities, means official capacities.

occasion, that they waive service of the summonses.  Nelson Roth, attorney for all of the Cornell

Defendants and their legal agent, returned an executed waiver of the summonses with a cover letter.

Both documents listed each of the Cornell Individual Defendants and clearly avowed that "[they]

waive service of summons . . . [and] agree . . . to not requiring that [they] (or the entity on whose

behalf [they are] acting) be served with judicial process in the matter provided by Rule 4."  Dkt. No

86, Ex. A (waiver).  If there was any doubt about the validity of the waiver as to these Defendants,

legal capacity notwithstanding, in response to Plaintiffs' further insistence that two waivers be

executed, Attorney Roth emphatically assured the Plaintiffs that, "[t]he waivers you have for each of

the Cornell defendants should suffice under Rule 4.  Dkt. No. 87, Ex. 2.  Under these circumstances,

and with these assurance, there is nothing more Cornell Individual Defendants needed to perform.

Nonetheless, there are several other rather obvious principles that seem to elude the

Plaintiffs on the rules of waivers and service of process.  First, only an individual, corporation or

association can receive a waiver.  FED. R. CIV. P. 4(d)(2).  Conversely, a waiver of service is not

available for a state, state agency, or a state official.  FED. R. CIV. P. 4(j); Advisory Committee's

Notes 1993 Amendment.  The debate whether the Department of Ecology is a state agency and/or its

employees are state employees is totally irrelevant because a waiver of service upon a state actor is

not legally authorized by this provision of the law.[7]  Thus, the Cornell Individual Defendants could

have **only** executed the waiver of service in their individual or personal capacity, and no other.

Since they could not be served with a waiver in their professional or official capacity, having to

acknowledge such a waiver would be both irrelevant and superfluous.

_____

[7]  Considering the ruling herein, the Court finds it unnecessary to address whether this department of Cornell University may be a state actor under the New York Education Law § 5714.

Second, and the most conspicuous reason why only one waiver is sufficient in the event a summons and complaint had to be served, the service of **one** summons and complaint would be sufficient and constitute adequate service in order to gain personal jurisdiction over a defendant, notwithstanding that the defendant is being sued in one or more capacities. If a summons and complaint had to be served in the first instance, such service would not have been in duplicate, triplicate or any multiple thereof by virtue of the number of legal statuses the individual defendant may possess. Plain and simple, if one summons and complaint is adequate for the commencement of an action against a defendant, it would be nonsensical to require the same defendant to execute one or more waivers depending on the number of capacities to which a plaintiff alleges against him. It would be more preposterous to think that a defendant would have to provide two answers solely because they have been sued in dual capacities. In its most basic form, a waiver of service is in lieu of the service of a summons and complaint.

Plaintiffs express the concern that Cornell Individual Defendants' employer, Cornell University may attempt to avoid liability by asserting that the Defendants acted *ultra vivres*, outside the scope of their employment. Because of this possibility, Plaintiffs presuppose that the individual Defendants would challenge Plaintiffs' claims against them for improper service or failure to join. The logic of this argument eludes this Court. The fact that one defendant can assert an affirmative defense which may exculpate them from liability has no bearing on the procedural process of waiving the service of a summons. Moreover, a plaintiff does not have to allege a delineation between personal and professional capacity in order to invoke respondent superior. As stated above, if the Plaintiffs had to serve a summons and complaint upon individual defendants, notwithstanding their employer's possible defenses or their sundry legal statuses, only one copy of the summons and

complaint, if served properly, would be sufficient to confer personal jurisdiction over them.

Plaintiffs' paramount concern has been gaining personal jurisdiction over Defendants. Understandably, they wish to avoid the possibility of facing a motion which would raise the lack of personal jurisdiction. Prior to this Court granting, on January 14, 2005, Plaintiffs permission to serve and file this Motion, the Cornell Defendants, including the individuals, filed a Motion to Dismiss on October 5, 2004. Within the Motion to Dismiss, the Cornell Defendants did not raise a lack of personal jurisdiction and as such, this defense is waived forever. FED. R. CIV. P. 12(g) & (h)(1). Knowing this salient fact, Plaintiffs should never have brought this Motion for costs and more specifically attorney fees. At the time of the Motion to Dismiss, all fears of a jurisdictional motion were set aside, confirming that the waiver of service conferred good and valid service upon these Cornell Individual Defendants.

Had the Plaintiffs been more obliging and provided some legal justification when the Defendants sought legal authority why two waivers may be necessary, they could have avoided expending $112 in order to have the Cornell Individual Defendants personally served and the time to bring this Motion. To ask for separate waivers that turn solely on legal capacities was unreasonable, especially considering that the Federal Rules of Civil Procedures do not permit it. The Court finds that the Cornell Individual Defendants executed the waiver of service of a summons properly. *SONY Music Ent'n., Pedestal Prod., Inc.,* 2002 WL 1226861, at *3 (S.D.N.Y.  Apr. 9, 2002) (plaintiff has not proffered any evidence that defendants failed to waive service.). Because these Defendants acted properly, the Court need not address Plaintiffs' request for cost of service and attorney fees for filing this Motion. Based upon all of the foregoing, it is hereby Ordered that the Plaintiffs' Motion (Dkt. No. 86) is **denied** in its entirety.

*-11-*

IT IS SO ORDERED.

Albany, New York
April 5, 2005.

RANDOLPH F. TREECE
United States Magistrate Judge