UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRUCE CHAPMAN and HANDLE WITH CARE
BEHAVIOR MANAGEMENT SYSTEM, INC.,

                       Plaintiffs,

   - v -                                                Civ. No. 1:04-CV-867
                                                           (DNH/RFT)

NEW YORK STATE DIVISION FOR YOUTH; NEW
YORK STATE DEPARTMENT OF SOCIAL SERVICES;
NEW YORK STATE OFFICE OF CHILDREN AND
FAMILY SERVICES;[1] JOHN JOHNSON, Commissioner
of New York State Office of Children and Family Services
and former Commissioner of the New York State Division
of Youth, in his official and individual capacity; MARGARET
DAVIS, former Director of Training for the New York State
Division for Youth, and former Director of Training for New
York State Office of Children and Family Services, in her
official and individual capacity; PATSY MURRAY, former
Associate Training Technician for the New York State
Division for Youth, and current position as Trainer for New
York State Office of Children and Family Services, in her
official and individual capacity; *et al*.

                                      Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF HILARY ADLER<br>Attorney for Plaintiffs<br>184 McKinstry Road<br>Gardiner, NY 12525 | HILARY ADLER, ESQ. |
| HON. ELIOT SPITZER<br>Attorney General for the State of New York<br>Attorney for Defendants New York<br>State Office of Children and Family Services,<br>John Johnson, Margaret Davis, and Patsy Murray | DOUGLAS J. GOGLIA, ESQ.<br>Assistant Attorney General |

---

[1] The New York State Office of Children and Family Services assumed the duties of the New York State Division of Youth and New York State Department of Social Services in 1998. Dkt. No. 1, Compl. at ¶ 23; Dkt. No. 96, Mem.-Decision and Order, dated Sept. 29, 2005 at p. 3. Because of this consolidation, the Court will refer only to the New York State Office of Children and Family Services.

The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### **REPORT-RECOMMENDATION and ORDER**[2]

Defendants New York State Office of Children and Family Services ("OCFS"), John Johnson, Margaret Davis, and Patsy Murray (collectively "State Defendants"), bring a Motion for Attorneys' Fees against Plaintiffs pursuant to Federal Rule of Civil Procedure 54(a)(2) and 17 U.S.C. § 505 and against Plaintiffs' Counsels pursuant to 28 U.S.C. § 1927. Dkt. No. 98. Plaintiffs oppose the Motion. Dkt. No. 118. For the reasons to follow, it is recommended that the State Defendants' Motion be **denied** pursuant to 17 U.S.C. § 505 and **denied** under 28 U.S.C. § 1927.

### I. BACKGROUND

### A. Procedural History

Plaintiffs filed a Complaint revolving around allegations of the misuse of Plaintiffs' product as well as other related conducted. Dkt. No. 1, Compl. The Complaint was filed against the State Defendants, nine "Cornell Defendants," and three "Hillside Defendants." *Id.* Plaintiffs set forth ten (10) causes of action applicable to some or all of the Defendants. *Id.* Specifically against the State Defendants,[3] Plaintiffs brought causes of actions for: 1) copyright infringement; 2) breach of contract; 3) fraud; 4) conversion; 5) tortious interference with a business relationship; 6) monopolies, restraint of trade and unfair competition; 7) conspiracy to monopolize and restrict

---

[2] This matter was referred to the undersigned by the Honorable David N. Hurd, United States District Judge. Oral Order, dated Nov. 1, 2005.

[3] The Court will focus on the State Defendants as they alone have brought the current Motion for Attorneys' Fees.

trade; 8) misappropriation tort for business scheme, tort of trade secret service mark dilution, unfair competition at common law; and 9) unjust enrichment. *See* Compl.; Dkt. No. 96, Mem.-Decision and Order, dated Sept. 29, 2005 at p. 4.

The State Defendants and Cornell Defendants brought a Motion to Dismiss and the Hillside Defendants brought a Motion to Dismiss and in the alternative, for Summary Judgment. Dkt. Nos. 51, 60, & 61. The Honorable David N. Hurd, United States District Judge, rendered his decision on all three motions in a Memorandum-Decision and Order dated September 29, 2005. Mem.-Decision and Order. Judge Hurd found in favor of all Defendants and granted the Defendants' Motions to Dismiss. *Id.* In particular, the copyright infringement, monopolies, restraint of trade and unfair competition, and conspiracy to monopolize and restrict trade claims, which are federal causes of action, were dismissed with prejudice. *Id.* at p. 20. The remaining claims dealt with state law and were dismissed without prejudice as the Court declined to exercise supplemental jurisdiction once the federal claims had been dismissed. *Id.* at pp. 19-20.[4]

**B. Facts Involving the State Defendants**

OCFS manages the juvenile facilities within New York State and provides for the care and welfare of children. Compl. at ¶¶ 23 & 24; Mem.-Decision and Order at p. 5. It was the New York State Division of Youth's ("DFY") "obligation to create procedures and train staff in techniques to physically restrain juveniles in certain circumstances[.]" Compl. at ¶ 24; Mem.-Decision and Order at p. 5. Because of tragic circumstances with two juveniles, Defendant Margaret Davis contacted Handle With Care Behavior Management System, Inc. ("HWC") and Bruce Chapman ("Chapman")

---

[4] On October 28, 2005, Plaintiffs appealed Judge Hurd's decision to the United States Court of Appeal for the Second Circuit. Dkt. No. 102, Notice of Appeal, dated Oct. 28, 2005. The Second Circuit has not, to date, issued a decision.

for their services and hired them to provide a safe use of force program and train staff at DFY. Compl. at ¶¶ 26, 27, & 60; Mem.-Decision and Order at p. 6. On or about April 23, 1997, HWC contracted with DFY for twelve (12) days of training, certification of the DFY staff as instructors, and to provide written and audio training materials. Compl. at ¶ 50; Mem.-Decision and Order at p. 6.

The HWC program consists of a training program, manuals, and audio video products. Compl. at ¶ 44; Mem.-Decision and Order at p. 6. The written materials were marked with the copyright notification of HWC. Compl. at ¶¶ 44-45; Mem.-Decision and Order at p. 6. In its Complaint, HWC stated that the materials provided could be reproduced by DFY for one year, starting on the first day of training, and that each staff member signed a contract to that effect. Compl. at ¶¶ 28 & 51; Mem.-Decision and Order at p. 6.

In 1998, when DFY merged into OCFS, HWC's program and materials were allegedly reproduced and used without license, authorization, permission, or compensation to HWC. Compl. at ¶¶ 30-31 & 46; Mem.-Decision and Order at p. 7. Requests for return of HWC property went unanswered. Compl. at ¶¶ 67 & 68; Mem.-Decision and Order at p. 7. HWC stated they provided OCFS with notice of the copyright infringement to no avail as OCFS continued to utilize and reproduce the materials. Compl. at ¶ 47.

In the Memorandum-Decision and Order, Judge Hurd noted that the State Defendants did not dispute the materials were copied, but rather, raised whether there was a restriction on the license to reproduce the materials. Mem.-Decision and Order at p. 9. The State Defendants asserted that "[a] copyright owner who grants a nonexclusive license to use copyrighted material waives his right to sue the licensee for copyright infringement[,]" whereas Plaintiffs stated that the contract

signed contained a one-year limit on the State Defendants' right to reproduce said material. *Id.* (citing *Graham v. James* 144 F.3d 229, 236 (2d Cir. 1998)). The Memorandum-Decision and Order also took notice of the fact that the contract had not been attached to the Complaint by Plaintiff but that the State Defendants had provided a copy to the Court. *Id.* at pp. 9-10.

The Court cited from a provision in the contract which states "[t]he Contractor acknowledges and agrees that the Division has the right to reproduce all training materials." *Id.* at p. 10 (citing Dkt. No. 60, Douglas J. Goglia Decl., Ex. B, Contract at p. 2). The Court found that, regardless of Plaintiffs' numerous averments, the contract did not "contain a provision limiting this license to use the materials to one-year or any other duration of time. The contract, drafted by Chapman, is clear and unambiguous." *Id.* Thus, the Court found that Plaintiffs had failed to state a cause of action and granted the State Defendants' Motion to Dismiss on the copyright infringement claim. *Id.* at p. 11.

## II. DISCUSSION

### A. 17 U.S.C. § 505

Pursuant to Federal Rule of Civil Procedure 54(d), State Defendants seek to recover attorneys' fees as a prevailing party under 17 U.S.C. § 505 with regard to the copyright claim. Dkt. No. 98, State Defs.' Mem. of Law at p. 1. Plaintiffs oppose this Motion on several grounds: 1) that the State Defendants failed to comply with Northern District of New York Local Rules 7.1 and 7.2 as well as Federal Rule of Civil Procedure 62; 2) the State Defendants are not a prevailing party; 3) the State Defendants did not submit contemporaneous time records; and 4) the copyright claims were reasonable. Dkt. No. 118, Pls.' Mem. of Law at pp. 4-15.

Plaintiffs' first argument asserts that the State Defendants failed to comply with Local Rules

7.1 and 7.2 along with Federal Rule of Civil Procedure 62 in regards to the filing of the Motion for Attorneys' Fees.[5] However, the cited Local and Federal Rules are inapposite. Plaintiffs allege that the State Defendants failed to comply with 7.1(b)(2) which, in turn, states that in regards to non-dispositive motions, the parties must make a good faith effort to resolve the issue and if there is no resolution, then a conference must be held with the assigned Magistrate Judge. Plaintiffs believe the current Motion falls within the ambits of Local Rule 7.1(b)(2) because Judge Hurd referred the Motion to this Court. *Id.* at p. 12. First, this Motion is a dispositive motion. The current Motion seeks a **judgment** for fees in an amount certain. As the State Defendants point out, the dispositive nature of the Motion is evident from the fact that a direct appeal can be taken therefrom. *See* Dkt. No. 120 at p. 9 (citing *Farbotko v. Clinton County*, 2005 U.S. App. Lexis 28494 (2d Cir. Dec. 23, 2005)).[6] Second, it is common practice in this District that once a District Judge has dispositively resolved an entire case and entered a judgment therewith, the **automatic** referral to the Magistrate Judge to handle all **pre-trial matters** is revoked, or at least no longer applicable. In fact, this Court has already ruled on this very issue on November 2, 2005, wherein we denied Plaintiffs' request to dismiss the Motion due to Defendants' failure to comply with Rule 7.1(b)(2). *See* Text Order, dated Nov. 2, 2005. It would simply make no sense for the parties to engage in fulfilling the requirements of Local Rule 7.1 if the Motion is referred, especially since the Motion was filed **prior to the referral**. Plaintiffs are thus mistaken as to the imposition of the Local Rules regarding motion practice in this District.

---

[5] This Court is unsure of Plaintiffs' citation to Local Rule 7.2 as it does not exist.

[6] The dispositive nature of the current Motion can be inferred from its placement in the Federal Rules of Civil Procedure. As explained below, the State Defendants bring this Motion pursuant to Federal Rule of Civil Procedure 54(d)(2). Such Rule falls within the category of "Judgment" - clearly beyond the pre-trial discovery rules of which this Court maintains jurisdiction.

As to Plaintiffs' reliance on Federal Rule of Civil Procedure 62, once again Plaintiffs have misconstrued the law and civil procedure. The State Defendants bring this Motion pursuant to Federal Rule of Civil Procedure 54(d)(2). Federal Rule of Civil Procedure 54(d)(2) states, in part, that:

> (A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion
> . . .
> (B) Unless otherwise provided by statute or order of the court, the motion must be filed no later than **14 days after entry of judgment**; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

(Emphasis added).

In this case, a Judgment was entered on September 29, 2005. Dkt. No. 97, Judgment, dated Sept. 29, 2005. From that date, the State Defendants had fourteen days in which to bring the Motion for Attorneys' Fees under Federal Rule of Civil Procedure 54(d)(2)(B). *See Mattel, Inc. v. Radio City Entm't*, 210 F.R.D. 504, 505-06 (S.D.N.Y. 2002) (holding that a motion for attorneys' fees under 17 U.S.C. § 505 was untimely as it was brought more than fourteen days after the entry of judgment); *see also Chambers v. Time Warner, Inc.*, 279 F. Supp. 2d 362, 364-65 n.3 (S.D.N.Y. 2003) (noting that a motion for attorneys' fees pursuant to 17 U.S.C. § 505 was timely under Federal Rule of Civil Procedure 54(d)(2)(B)); *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663 (S.D.N.Y. 2001) (motion for an award of attorneys' fees brought pursuant to 17 U.S.C. § 505 and Federal Rule of Civil Procedure 54(d)); *Ackoff-Ortega v. Windswept Pac. Entm't Co.*, 2001 WL 225246, at *1 (S.D.N.Y. Mar. 2, 2001) (same). The current Motion was filed on October 4, 2005, five days after the Judgment, and is timely as it is within fourteen days of the entry of the judgment. Dkt. No. 98.

Plaintiffs instead claim that Federal Rule of Civil Procedure 62(a), which states that "no

**execution** shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry," applies and therefore the State Defendants' Motion is invalid. (Emphasis added). **Clearly, this Rule is to stay a proceeding to enforce a judgment**.

The State Defendants do not seek by this Motion to enforce a judgment, but instead seek "to secure" attorney fees for defending this action. Under these circumstances, if we were to follow the Plaintiffs' reasoning, rather than the Federal Rules meshing together as one cohesive statutory scheme, Rules 62(a) and 54(d)(2)(B) would collide with a disastrous result and statutory confusion. It would make absolutely no sense, applying Rule 62 as Plaintiffs suggest, to prevent a party from filing a motion for attorneys' fees under Federal Rule of Civil Procedure 54(d)(2)(B) for ten days. If that is the statutory scheme, it would leave only four days to file a motion for attorneys fees since under Federal Rule of Civil Procedure 54(d)(2)(B) the motion must be brought within fourteen days from the judgment. Indeed, when viewing the purposes behind Rules 54 and 62, it is clear that these Rules were not designed to function as opposing forces, but rather as a cohesive unit. The purpose of the automatic ten-day stay in Rule 62 is to "provide the losing party with a period of time within which to decide whether to pursue available post-judgment motions or remedies, such as an appeal." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 62.02[1] (3d ed. 2005) (citing *United States v. One 1962 Ford Galaxie Sedan*, 41 F.R.D. 156, 157 (S.D.N.Y. 1966), which stated that the ten-day automatic stay period enables the losing party a period of time to determine which course of action to pursue). The time-period set forth in Rule 54 does not begin to run under this automatic stay, but rather during such time so as to "assure that the opposing party is informed of the claim **before the time for appeal has elapsed**." Federal Rule of Civil Procedure 54 advisory committee's note, 1993 Amendments (noting that prior law had not provided for such time limit on claims for

attorneys' fees) (emphasis added). Prompt filing of an attorney's fee motion provides a court with the opportunity to resolve fee disputes "in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case." *Id.*[7] Contrary to Plaintiffs' assertion, the proper statutory vehicle to bring motions for attorneys' fees pursuant to 17 U.S.C. § 505 is Federal Rule of Civil Procedure 54(d)(2)(B). Rule 62 has no applicability whatsoever. This case is no different than those cited above and the Motion is properly submitted.[8]

In terms of 17 U.S.C. § 505, which provides for remedies in copyright infringement cases, the statute states that

> [i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

The Second Circuit has stated that awarding attorneys' fees pursuant to this statute "assures equal access to courts, provides an economic incentive to challenge infringements, and penalizes the losing party." *Oboler v. Goldin*, 714 F.2d 211, 213 (2d Cir. 1983) (citing *Quinto v. Legal Times of Washington, Inc.*, 511 F. Supp. 579, 581 (D.D.C. 1981)); *GMA Accessories, Inc. v. Olivia Miller, Inc.*, 2004 WL 1277997, at *2 (S.D.N.Y. June 8, 2004).

Under 17 U.S.C. § 505, generally, a "prevailing party is one who succeeds on a significant

---

[7] We also note that the fourteen-day time limit set forth in Rule 54 is inapplicable to claims for fees and expenses as sanctions pursuant to 28 U.S.C. § 1927.

[8] Additionally, Plaintiff's Counsel, Hilary Adler, in making arguments regarding the Local and Federal Rules, stated that Attorney Goglia refused to speak or correspond with her and thus, Attorney Goglia should be precluded from treating her as an attorney for this Motion. However, Attorney Adler's citation to a letter sent by Attorney Goglia to Attorney Kennedy regarding Goglia's refusal to speak with her is incomplete. Attorney Goglia stated to Brendan Kennedy, former co-counsel to Plaintiffs, that based on a telephone conference with this Court, he did not wish to speak to Attorney Adler "given her role as a party and a necessary witness in this action." Dkt. No. 118, Hilary Adler Decl., Ex. K, Kennedy Lt., dated Jan. 20, 2005. There was no malicious intent on the part of Attorney Goglia, as may have been suggested, not to communicate with Attorney Adler, but rather his attempt to avoid any possible conflict in the case since Plaintiffs were represented by Brendan Kennedy, Esq.

issue in the litigation that achieves some of the benefits the party sought in bringing suit." *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see also GMA Accessories, Inc. v. Olivia Miller, Inc.*, 2004 WL 1277997, at *2. The Supreme Court has stated that a prevailing defendant should be treated in the same manner as a prevailing plaintiff in either awarding or denying attorneys' fees under 17 U.S.C. § 505. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 522 (1994).

The Supreme Court has noted that the following nonexclusive factors should be considered in awarding attorneys' fees to a prevailing party: "frivolousness, motivation, objective unreasonabless (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 535 n. 19 (citation omitted). When judging a motion for attorneys' fees, "objective reasonableness is a factor that should be given substantial weight[.]" *Nicholls v. Tufenkian Import/Export Ventures, Inc.*, 2005 WL 1949487, at *3 (S.D.N.Y. Aug. 11, 2005) (quoting *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 123 (2d Cir. 2001)) (alteration in original). However, the mere fact that a defendant prevailed in the litigation "does not necessarily mean that the plaintiff's position was frivolous or objectively unreasonable." *Id.* (quoting *Arclightz and Films Pvt. Ltd. v. Video Palace Inc.*, 2003 WL 22434153, at *3 (S.D.N.Y. Oct. 24, 2003)); *see also Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 2004 WL 728878, at *2 (S.D.N.Y. Apr. 6, 2004); *Littel v. Twentieth Century-Fox Film Corp.*, 1996 WL 18819, at *3 (S.D.N.Y), *aff'd sub nom.*, *DeStefano v. Twentieth Century Fox Film Corp.*, 100 F.3d 943 (2d Cir. 1996). Courts have stated that "[t]o hold otherwise would establish a *per se* entitlement to attorney's fees whenever [issues pertaining to judgment] are resolved against a copyright plaintiff." *Penguin Books U.S.A., Inc. v.*

*New Christian Church of Full Endeavor, Ltd.*, 2004 WL 728878, at *2 (quoting *CK Co. v. Burger King Corp.*, 1995 WL 29488, at *1 (S.D.N.Y. Jan. 26, 1995)) (alteration in original); *Nicholls v. Tufenkian Import/Export Ventures, Inc.*, 2005 WL 1949487, at *3. The reasoning behind this proposition lies in the notion that the Copyright Act is meant to "encourage the origination of creative works by attaching enforceable property rights to them" and not to impose awards where a copyright holder has an objectively reasonable position. *Nicholls v. Tufenkian Import/Export Ventures, Inc.*, 2005 WL 1949487, at *3 (quoting *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d at 122). "As such, the imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d at 122 (citations omitted).

"[N]ot all unsuccessful litigated claims are objectively unreasonable." *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 2004 WL 728878, at *3 (quoting *CK Co. v. Burger King Corp.*, 1995 WL 29488, at *1 & citing *Ann Howard Designs, L.P. v. Southern Frills, Inc.*, 7 F. Supp. 2d 388, 390 (S.D.N.Y. 1998) for the proposition that fees and costs may be awarded when the claim is unreasonable on its face but "an unsuccessful claim does not necessarily equate with an objectively unreasonable claim"). Instead, courts have generally stated "that only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable." *Id.* (citing *Littel v. Twentieth Century-Fox Film Corp.*, 1996 WL 18819, at *2-3, which held that plaintiff's claims were objectively unreasonable because there was no novel or complex issues of fact or law); *see also Browne Greensleeves Records, Ltd.*, 2005 WL 2716568, at *1 (S.D.N.Y. Oct. 21, 2005) (plaintiff's claims were objectively reasonable as the arguments were enough to bring to a jury and result in settlement);

-11-

*Nicholls v. Tufenkian Import/Export Ventures, Inc.*, 2005 WL 1949487, at *3 (stating plaintiff's claim was objectively reasonable as it withstood a motion to dismiss and plaintiff presented "litigable issues to go to trial"); *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663 (S.D.N.Y. 2001) (holding plaintiff's claim to be objectively unreasonable because plaintiff could not establish even the first element of a copyright infringement claim); *Proctor & Gamble Co. v. Colgate-Palmolive Co.*, 1999 WL 504909, at *2 (S.D.N.Y. July 15, 1999) (motion for attorneys' fees and costs denied because claims not objectively unreasonable, frivolous, or improperly motivated).

Plaintiffs' second argument against the Motion is that the State Defendants are not prevailing parties. Pls.' Mem. of Law at pp. 7. Plaintiffs state that "New York District Courts have held that if no ruling on the merits or substantial discovery has taken place then for the purposes of an award of attorney fees, there is no prevailing party." *Id.* at pp. 7-8 (citing *Silberstein v. Digital Art Solutions*, 2003 WL 21297291, at *1 (S.D.N.Y. June 4, 2003)). Plaintiffs also state that the District Court "ignored the 12(b)(6) standard of review" and further erroneously applied the wrong standard because the Court did not apply the copyright analysis. *Id.*

First of all, Plaintiffs' application and recitation of the law is incorrect. The case Plaintiffs cite to was analyzed in the context of a notice of voluntary dismissal submitted by a plaintiff. *Silberstein v. Digital Art Solutions*, 2003 WL 21297291, at *1; *see also Szafarczyk v. Digital Art Solutions*, 2003 WL 21297293, at *1 (S.D.N.Y. June 4, 2003). *Silberstein* states,

> [w]here the case terminates because the plaintiff filed a **Notice of Voluntary Dismissal**, a court must examine the circumstances surrounding the voluntary dismissal to determine if the defendant may properly be considered a "prevailing party:" Certainly, it cannot be said that a defendant always prevails when a plaintiff voluntarily dismisses his lawsuit without prejudice. It would be incorrect and illogical, however, to hold that a defendant never prevails upon such a voluntary dismissal. The answer, we believe, lies in examining the circumstances surrounding the voluntary dismissal. For example,

> where the complaint is clearly frivolous or there have been proceedings on the merits or substantial discovery, defendants have a stronger argument that they prevail when plaintiff voluntarily discontinues suit. On the other hand, where it has not been shown that the complaint is frivolous and there have been no proceedings on the merits nor substantial pre-trial proceedings, the argument must necessarily be less persuasive.

*Silberstein v. Digital Art Solutions*, 2003 WL 21297291, at *1 (citations omitted) (emphasis added).

This Court finds Plaintiffs' clear misapplication to be unindustrious, if not disingenuous.[9] It is patently obvious that this is not the case here as Plaintiffs' Complaint was dismissed **on the merits** based on the State Defendants' Motion to Dismiss. Moreover, the decision rendered by Judge Hurd was not converted into a motion for summary judgment despite Plaintiffs statement to that effect. Pls.' Mem. of Law at p. 8. Judge Hurd granted the Motion to Dismiss and did not grant, nor convert to, a motion for summary judgment.[10] *See* Mem.-Decision and Order. No matter how wrongly Plaintiffs feel the Motion was decided, this Court must make its recommendation based on Judge Hurd's decision and that decision clearly found in favor of the State Defendants.[11] The State Defendants are the prevailing party as they succeeded on a significant issue in the litigation, the copyright claim, and achieved some, if not all, of the relief sought, namely and most importantly, dismissal.

---

[9] In support of the Court's observations, we find it extremely difficult for one to miss the fact that the sentence begins with termination of a lawsuit by voluntary dismissal.

[10] Apparently, Plaintiffs believe that because Judge Hurd reviewed the Contract, which was not attached to the Complaint, he therefore considered matters outside the pleadings and in essence decided the motion as one for summary judgment without giving Plaintiffs proper notice as set forth in Federal Rule of Civil Procedure 12(b). However, what Plaintiffs fail to consider is Judge Hurd's clear recitation of the law that "[i]n considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or *incorporated by reference*." Mem.-Decision and Order at p. 9 (emphasis added) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)).

[11] In the context of this Motion, we feels that the Plaintiffs arguments about the nature of Judge Hurd's decision to dismiss this action borders on being hyperbolic, almost insolent. Prose and rhetoric notwithstanding, Plaintiffs' arguments are best left for the Court of Appeals regarding the District Court's purported failures in rendering its decision. Plaintiffs should realize that we are neither the appellate court reviewing the appeal nor the forum to address the District Court's findings and rulings. The effort to discredit the Judge's ruling went far beyond addressing the issue of whether the copyright cause of action was objectively reasonable.

Plaintiffs' third argument that the motion should be denied because the State Defendants did not provide contemporaneous time records is also misplaced. First of all, if contemporaneous records are not provided, then the court "may reduce the award accordingly." *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d at 669 (citing *Hensley v. Eckerhart*, 461 U.S. at 433). The motion need not be denied in its entirety. Plaintiffs' interpretation of an unpublished decision, *Tabacchi v. Cornell Univ.*, 5:00-CV-696, by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, is misplaced. *Tabacchi v. Cornell Univ.*, 5:00-CV-696, Dkt. No. 46, Mem.-Decision and Order. Plaintiffs cite the case for the proposition that there is a narrow exception to the rule that contemporaneous records need not be provided when a court *sua sponte* decides to award attorneys' fees and when the claims were groundless and unreasonable. In *Tabacchi v. Cornell Univ.*, Cornell University's counsel noted that the Office of University Counsel did not normally keep contemporaneous time records but the Court nonetheless instructed Defendant's counsel to reconstruct the time expended in the action. *Id.* at p. 2. In that case, plaintiff objected to the fact that there were no contemporaneous time records but Judge Scullin notes that the defendant had not moved for attorneys' fees. *Id.* at p. 3. However, Judge Scullin clearly states that "even had Defendant moved for an award of attorneys' fees, the Court would not be warranted, under the circumstances of this case, in denying that motion in its entirety. Instead, the Court would reduce the total amount of fees requested by a fixed percentage." *Id.* at p. 3 (citing *New York v. RAC Holding, Inc.*, 135 F. Supp. 2d 359, 364 (N.D.N.Y. 2001) (citing cases where awards were reduced by a fixed percentage due to vague or incomplete billing)).

Plaintiffs, nevertheless, state that "[t]he only total disregard for judicial process in this case is the State Defendants' decision to ignore the record keeping required to bring this motion. This

-14-

fatal omission alone justifies dismissing the State Defendants' motion without further analysis." Pls.' Mem. of Law at p. 10.  Plaintiffs also claim that State Defendants' Counsel knew the motion for attorneys' fees would be made but "deliberately decided not to keep a record of his time spent." *Id.*

Once again, not only have Plaintiffs misinterpreted and misrepresented the caselaw, but they unnecessarily impugn the State Defendants' Counsel's professionalism by inferring dishonesty.  In support of the assertion that the entire motion is based upon a lie, Plaintiffs state that "the 1997 Contract clearly contains an express term and **all the lies Goglia can fabricate cannot erase the term limit**." *Id.* at p. 11 (emphasis added).  The Court finds the nature of Plaintiffs' accusations to be disheartening and unnecessary in its response to the Motion.[12]  None of those contentions has any relevance as to whether the State Defendants should or should not be awarded attorneys' fees.  What is more relevant to this discussion is that no contemporaneous time records are kept as the Office of the Attorney General "does not maintain contemporaneous time records[.]"  State Defs.' Mem. of Law at p. 7.  Therefore, there would be no reason to deny the Motion on this ground.

In this case, State Defendants' Counsel Douglas J. Goglia submitted a Declaration in an attempt to provide the Court with an estimate of time spent on the copyright claim.  Dkt. No. 98,

---

[12] Obviously there is a history of bad blood between the litigants and both parties made sure to present this imbroglio to the Court, as if it has a bearing on whether attorneys' fees should be awarded.  This caustic history, however, should not justify the republication of personal invectives and continuous challenges to their adversary's veracity, which was replete throughout the litigants' declarations and memoranda of law.  The Court should neither be subjected to nor have to suffer through such written renditions of *ad hominem* attacks.  At this stage of the litigation, a litigator's mendacity is not the issue and should not have been extrapolated upon.  Both parties should be aware that the Northern District of New York enforces the New York State Code of Professional Responsibilities and expects the parties to abide by them.  N.D.N.Y.L.R. 38.4(j).  The Northern District has further adopted the guidelines of civility as outlined in the New York State Bar Association *Guidelines On Civility in Litigation*.  *See* General Order 25 at p. 1.  In this vein, and for future references, both counselors should take heed of DR 7-106(c)(6): A lawyer shall not engage in undignified or discourteous conduct which is degrading to the tribunal.  We further commend to them that they read *Civility, Judicial Independence and the Role of the Bar in Promoting Both*, Hon Paul L. Friedman, 2002 FED. CTS. L. REV. 4 (2002).

Douglas J. Goglia Decl., dated Oct. 4, 2005. Attorney Goglia states that as a conservative estimate, approximately fifteen (15) hours or more were spent "researching, drafting, and revising the legal arguments in the State Defendants' Memorandum of Law pertaining to plaintiffs' copyright infringement claim." *Id.* at ¶ 6. Furthermore, as a conservative estimate, another five (5) hours were spent "reviewing plaintiffs' opposition papers, and preparing that portion of the State Defendants' Reply Memorandum pertaining to plaintiffs' copyright infringement claim." *Id.* Thus, the total numbers of hours reasonably claimed is twenty (20).

Plaintiffs' final argument is that their copyright claims were objectively reasonable and as such, an award of attorneys' fees is not warranted. Pls.' Mem. of Law at pp. 4-7. Plaintiffs argue that the District Court erred in its interpretation of, which essentially amounted to a reformation of, the 1997 contract. *Id.* at p. 4. Basically, Plaintiffs' aver that the District Court made erroneous findings and improperly decided the Motion. *Id.* at pp. 4-5. In addition, Plaintiffs provide five bases to bring a copyright suit that should be deemed objectively reasonable: 1) Plaintiffs had multiple and undisputed copyrights; 2) the contract was drafted by the Defendants and should have been construed against them; 3) the 1997 contract was limited to one year; 4) the State Defendants used and reproduced the materials without authorization and outside the limits of the contract; and 5) the contract was induced by fraud. *Id.* at p. 6.

In this case, Plaintiffs' claims were dismissed on a Motion to Dismiss brought by the State Defendants. Although Plaintiffs were unsuccessful, the copyright claims are not deemed objectively unreasonable unless they are clearly without merit or otherwise patently devoid of legal or factual basis. In addressing Plaintiffs' claims, as noted above, Judge Hurd stated that "[d]espite plaintiffs' repeated assertions, the contract simply does not contain a provision limiting this license to use the

materials to one-year or any other duration of time.  The contract, drafted by Chapman, is clear and unambiguous."[13]  Mem.-Decision and Order at p. 10.  Judge Hurd went on to state that Plaintiffs did not argue that there were any legal defects in the contract or challenge the validity of the agreement. *Id.*  Plaintiffs also did not express to the Court that any representations had been made or agreed upon apart from the written contract.  *Id.*  Thus, Judge Hurd found that "Plaintiffs' allegations are contradicted by the contract itself and are therefore insufficient to defeat a motion to dismiss." *Id.*  The copyright claim was dismissed because Plaintiffs could not show a limitation on the non-exclusive licenses to reproduce the materials.  *Id.* at p. 11.

Though the District Court dismissed Plaintiffs' copyright claims, we are not prepared to say that the claim was objectively unreasonable or rather wholly without merit and devoid of any legal or factual basis.  Though not specifically addressed by the District Court, Plaintiffs' Complaint satisfied the basic pleading requirements of a copyright infringement claim in that they averred 1) they own a valid copyright in an original work; and 2) Defendants copied such work.  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 449 U.S. 340, 361 (1991); *Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 674, 679 (2d Cir. 1998).  It is entirely likely that Judge Hurd did not address these elements as the State Defendants did not, and cannot, contest them.  *See* Mem.-Decision and Order at p. 9 ("It is not disputed that the state defendants copied the materials.").  Thus, the resolution of this claim was driven by contract interpretation and Defendants' license defense. While Judge Hurd interpreted the contract one way, *i.e.*, focusing on the specific license clause and recognizing the absence of any time limitation therein, it was not *objectively unreasonable* for

---

[13] Prior to issuing his decision on the case, Judge Hurd heard oral argument on February 25, 2005.  Dkt. No. 89, Minute Entry for Hr'g, dated Feb. 28, 2005.

Plaintiffs to believe that the initial term limitation set forth in the beginning of the contract applied to all the terms therein. Just because Judge Hurd found Plaintiff's interpretation and position to be erroneous does not mean they had no reasonable basis to bring the suit. Indeed, we find that awarding attorneys' fees under such circumstances would not promote the purposes of the Copyright Act.

Therefore, it is recommended that the State Defendants Motion for Attorneys' Fees be **denied** under 17 U.S.C. § 505.

### B. 28 U.S.C. § 1927

The State Defendants also seeks attorneys' fees under 28 U.S.C. § 1927. Defs.' Mem. of Law at p. 5. The State Defendants assert that Plaintiffs' attorneys "patently contrived" the copyright claims and moreover that the claims were frivolous. *Id.* Plaintiffs oppose the request. Pls.' Mem. of Law at p. 12.

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The intent of § 1927 is "to deter unnecessary delays in litigation." *Perry v. S.Z. Rest. Corp.*, 45 F. Supp. 2d 272, 275 (quoting *Bowler v. I.N.S.*, 901 F. Supp. 597, 604 (S.D.N.Y. 1995)). The Second Circuit has held that in order to impose sanctions under § 1927, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith--that is, 'motivated by improper purposes such as harassment or delay.'" *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (quoting *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 336 (2d Cir. 1999)) (further

citation omitted). The Second Circuit has interpreted the bad faith requirement as such:

> [t]o ensure . . . that fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims, we have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color, and are taken for reasons of harassment or delay or for other improper purposes *and a high degree of specificity in the factual findings of the lower courts.*

*Id.* (quoting *Dow Chem. Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir. 1986)) (emphasis in original) (other citations omitted).

Here, the State Defendants ask this Court to infer bad faith on the part of Plaintiffs' attorneys, Hilary Adler and Brendan Kennedy. Defs.' Mem. of Law at p. 5. The bad faith would arise due to the alleged lack of a good faith basis in bringing the copyright claims. *Id.* In spite of the State Defendants' allegations, this Court does not find that there is clear evidence that the actions brought were entirely without color. Plaintiffs did have the reasonable belief that their claims had merit. Even if the claims did not have color, as the federal claims were dismissed, the Court does not believe the motives behind bringing the lawsuit were for an improper purpose such as harassment or delay. There is no evidence to suggest that notion. As the Court has determined that there were no dilatory tactics used by Plaintiffs' counsels, this Court recommends against the imposition of sanctions under 28 U.S.C. § 1927.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Motion for Attorneys' Fees (Dkt. No. 98) pursuant to 17 U.S.C. § 505 be **DENIED**; and it is further

**RECOMMENDED**, that the Motion for Attorneys' Fees (Dkt. No. 98) pursuant to 28 U.S.C. § 1927 be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   May 23, 2006
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge